Case 1:07-cv-06307-AKH   Document 16   Filed 10/03/2007   Page 1 of 19   Hellerstein, J

2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
NOTA MUSIC PUBLISHING, INC., et al., :
                                     :
                         Plaintiffs, :   07 CV 6307 (AKH)
                                     :   **ECF CASE**
            -against-                :
                                     :
SIRIUS SATELLITE RADIO INC.,         :
                                     :
                         Defendant.  :
------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/3/07

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26, and it appearing that discovery in the above-entitled action is likely to involve the disclosure of confidential information, and good cause appearing,

IT IS HEREBY ORDERED as follows:

1. <u>Scope of Order</u>. All documents, materials, items, testimony, or information, regardless of whether or not it is stored in electronic or paper form, that contain or comprise any trade secret or other confidential or proprietary technical, development, business, financial, or commercial information filed with the Court or produced either by a party or by a non-party in connection with this action shall be governed by this Protective Order. The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises and inspection of books, records, documents and tangible things.

KL3 2615685.2

2. <u>Confidential Information</u>. Certain documents, materials, items, testimony, or information filed with the Court or produced by any party or non-party as part of discovery in this action may be designated by such party or non-party as "Confidential Information." The "Confidential Information" designation shall be limited to such documents, materials, items, testimony and information that the Designating Party (defined below) believes, in good faith, contain information that may be disclosed to the parties for the purposes of this litigation, but which must be protected from disclosure to non-parties as set forth herein. Documents, materials, items, testimony, or information designated "Confidential Information" may be disclosed only to the persons who are qualified to receive such information under the provisions of Paragraph 9 of this Protective Order.

3. <u>Highly Confidential - Attorneys Eyes Only Information</u>. Certain documents, materials, items, testimony, or information filed with the Court or produced by any party or non-party as part of discovery in this action may be designated by a party or non-party as "Highly Confidential - Attorneys Eyes Only Information." The "Highly Confidential - Attorneys Eyes Only Information" designation shall be limited to such documents, materials, items, testimony, and information that the Designating Party believes, in good faith, contain information, the disclosure or intentional or inadvertent misuse of which is highly likely to cause significant harm to the business or competitive position of the Designating Party. Documents, materials, items, testimony, or information designated "Highly Confidential - Attorneys Eyes Only Information" may be disclosed only to the persons who are qualified to receive such information under the provisions of Paragraphs 8 of this Protective Order.

4. <u>Designated Information</u>. "Designated Information" refers to "Confidential Information" and "Highly Confidential-Attorneys Eyes Only Information" including copies,

2

extracts, and derivations therefrom, compilations and summaries thereof, and the information therein.

5.  Designating Party. "Designating Party" refers to the party or non-party designating any material as "Confidential Information" or "Highly Confidential - Attorneys Eyes Only Information" under this Protective Order.

6.  Use of Designated Information. Designated Information shall be used by the party to whom it is disclosed by the Designating Party solely for purposes of this action, and not for any other action or for any business, licensing, competitive or governmental purpose or function, and such information shall not be disclosed to anyone except as provided in this Protective Order.

7.  Third Party Documents. Where a discovery request, subpoena, or deposition question calls for otherwise discoverable information that is being withheld by the party to whom it is directed on the grounds of confidentiality obligations owed to another, the party to whom the discovery request, subpoena, or deposition question is directed shall promptly, and in all events within fifteen (15) calendar days of receipt of the discovery request calling for such disclosure:

(a)  Identify to the party seeking the information the name and address of each person or entity whose confidentiality interests are implicated by the discovery request, subpoena or deposition question, and

(b)  Seek consent to produce the requested information from each such person whose confidentiality interests are implicated. The request for consent shall be made in good

3

faith, shall include a copy of this protective order, and the party seeking the discovery shall be copied on all correspondence constituting the request for consent. If the third party does not consent, the party seeking the discovery may move to compel production in addition to any other relief it may have.

8. <u>Disclosure of Highly Confidential – Attorneys Eyes Only Information</u>. Documents, materials, items, testimony, and information designated "Highly Confidential - Attorneys Eyes Only Information" pursuant to this Protective Order, and copies, derivations, or extracts therefrom, compilations and summaries thereof, and the information therein, may be disclosed, given, shown, made available to, or communicated in any way, only to the following persons:

(a) Outside counsel of record for the parties in this action, including persons employed by said counsel who are working solely in secretarial, clerical, and paralegal capacities and who are assisting those attorneys in this action.

(b) Testifying and non-testifying consultants and experts and their staffs in the preparation, trial or any appeal of this action to whom it is necessary that the "Designated Information" be shown for purposes of assisting counsel in this litigation or during any deposition of such expert or consultant, as well as employees of such experts or consultants provided that they previously have been cleared by the parties pursuant to Paragraph 11 of this Protective Order.

(c) Other individuals or entities retained by outside counsel specifically engaged to assist in this litigation, including litigation consultants, electronic discovery consultants, jury consultants, and mock jurors selected by counsel in preparation for trial;

4

  (d) Qualified court reporters, videographers and other similar persons making a stenographic, video or other record of testimony involving such documents, materials, items, testimony, or information and necessary clerical personnel thereof;

  (e) The Court and the Court's staff;

  (f) Jurors at the trial of this action;

  (g) Current employees, officers and directors of the Designating Party;

  (h) Authors and both actual and intended recipients (as identified on the document) of such designated material; and

  (i) Any person to whom the Designating Party agrees in writing.

In addition to satisfying the other requirements for access to "Highly Confidential - Attorneys Eyes Only Information" set forth in this order, the persons identified in subsections (b) and (i) of this Paragraph shall not be permitted access to materials or information designated "Highly Confidential - Attorneys Eyes Only Information" unless and until they sign a written Acknowledgment Pursuant to Protective Order in the form attached hereto as Exhibit A (**"Acknowledgment"**) that they have read this Protective Order, agree to be bound by its terms, and consent to jurisdiction in this Court; and persons identified in subsection (c) of this Paragraph shall not be permitted access to materials or information designated "Highly Confidential - Attorneys Eyes Only Information" unless and until they sign a written Agreement to Protect Confidential Information in the form attached hereto as Exhibit B (**"Agreement"**). Outside counsel of record shall retain copies of all executed Acknowledgments and Agreements. Copies of Acknowledgments executed by persons identified in subsections (b) and (i) shall be

5

provided to the Designating Party within five (5) calendar days of the execution of each Acknowledgment.

    9.    <u>Disclosure of Confidential Information</u>. Documents, materials, items, testimony, and information designated "Confidential Information" pursuant to this Protective Order, and copies, derivations, and extracts therefrom, compilations and summaries thereof, and the information therein, may be disclosed, given, shown, made available to, or communicated in any way only to the following persons:

    (a)    All persons set forth in Paragraph 8 above;

    (b)    Any person to whom the Designating Party agrees in writing.

In addition to the persons identified in subsection (b) of this Paragraph, and the persons identified in Paragraph 8(b) and 8(i) shall not be permitted access to materials or information designated "Confidential Information" unless and until they sign a written Acknowledgment that they have read this Protective Order, agree to be bound by its terms, and consent to jurisdiction in this Court; and persons identified in Paragraph 8(c) shall not be permitted access to materials of information designated "Confidential Information" unless and until they sign a written Agreement. Outside counsel of record shall retain copies of all executed Acknowledgments and Agreements.

    10.    <u>Witness Disclosure</u>. If a party intends to use any documents, materials, items, testimony, and information designated "Confidential Information" or "Highly Confidential - Attorneys Eyes Only Information" pursuant to this Protective Order, prior to or in preparation for deposition or trial, or at a deposition, and such witness would not otherwise not be entitled

6

to access such "Confidential Information" or "Highly Confidential - Attorneys Eyes Only Information," such party shall provide written notice to the Designating Party of the intention to so disclose the "Confidential Information" or "Highly Confidential - Attorneys Eyes Only Information" at least four (4) business days prior to such intended disclosure. If the Designating Party objects to such disclosure, then the Designating Party shall issue a written objection to the counsel intending to make such disclosure within two (2) business days of receiving written notice of the intent to disclose. Unless the parties otherwise resolve their disagreement, the applicable Designating Party shall make the appropriate motion to the Court as soon as practicable. Pending such motion, the "Confidential Information" or "Highly Confidential" information shall not be shown to the witness and the deposition may either be rescheduled pending resolution of the parties' disagreement by the Court and/or may be continued without using the information in dispute. Whether the deposition is continued without the materials in dispute or discontinued or postponed pending a Court ruling, the objecting party shall waive any right to object to the reopening of any deposition if its objection(s) to disclosure are overruled by the court.

11. <u>Clearance Procedure</u>. The procedure for providing Designated Information to the persons identified in Paragraph 8(b) shall be as follows:

(a) The party seeking to disclose such information shall, before any such disclosure, provide by facsimile or e-mail to each Designating Party:

1. The name of the person;

2. The present employer and title of the person;

7

KL3 2615685.2

      3.    A signed Acknowledgment by the person that he/she has read this Protective Order, agrees to be bound by its terms, and consents to jurisdiction in this Court; and

      4.    Information regarding the person's qualifications as an expert and other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years as required by Rule 26 of the Federal Rules of Civil Procedure.

    (b)    Within five (5) business days after receipt of the information and Acknowledgment, a party may object to the disclosure of Designated Information to the proposed recipient by serving a written objection by facsimile or e-mail, if the facts available to the objecting party give it reason to believe that there is a reasonable likelihood that the person may use the Designated Information for purposes other than to prepare work product or to conduct proceedings in this litigation. The parties shall promptly meet and confer to try to resolve any such objection. If the parties are unable to resolve the objection, the objecting party shall raise the issue with the Court by letter not exceeding two pages requesting an informal conference to seek an order that disclosure of the Designated Information to the person not be permitted. Such letters must be served by facsimile or e-mail within fifteen (15) calendar days of service of the party's written objection; otherwise, the objection is deemed waived. The burden of proof shall be with the objecting party.

    (c)    During (i) the five (5) business day period for objections, (ii) the fifteen (15) calendar day period for raising the dispute with the Court by letter if an objection is made, and (iii) if a letter is served on the Court, the period of time in which any such dispute/request

8

is pending, no disclosure of Designated Information shall be made to the proposed recipient who is the subject of the pending objection.

12. <u>Procedure for Designating Materials</u>. Any party or non-party wishing to invoke the provisions of this Protective Order shall designate the documents, materials, items, testimony, or information, or portions thereof, which he, she or it deems to contain Designated Information at the time such information is disclosed, or as soon thereafter as the person or entity seeking protection becomes aware of the nature of the information or materials disclosed and sought to be protected. With respect to documents, the items produced must be marked or stamped (a) "Subject to Protective Order - Confidential" pursuant to Paragraph 2 or (b) "Subject to Protective Order - Highly Confidential - Attorneys Eyes Only Information," pursuant to Paragraph 3 on all pages by the producing party or non-party. In the case of information stored on electronic media, the items produced shall be clearly marked or stamped on the media if possible or, if not possible, shall be designated in a writing accompanying the production of the item. With respect to deposition testimony, the witness under deposition, or his, her, or its counsel, and/or any counsel representing any party or non-party at the deposition, shall invoke the provisions of this Protective Order during the course of the deposition, giving adequate warning to counsel for the party or non-party that testimony about to be given is deemed Designated Information, and shall instruct the Court Reporter to mark the cover of the transcript with the appropriate confidentiality legend pursuant to Paragraph 2 or Paragraph 3. The failure to so designate the testimony on the record at the deposition may be corrected pursuant to Paragraph 17 of this order. The provisions of this Paragraph may be invoked by counsel for a witness with respect to the witness's entire deposition, or any portion thereof, at any time during the deposition, provided, however, that the attorney has a good faith

9

belief that the information is confidential and that the attorney promptly and in good faith responds to requests that the transcript or portions thereof be de-designated or re-designated pursuant to paragraph 18.

13. <u>Filing Under Seal</u>. Any Designated Information that is included with, or the contents of which are disclosed in any way in any pleading, motion, deposition transcript, or other papers filed with the Clerk of the Court, shall be filed in sealed envelopes prominently marked with the notation:

CONFIDENTIAL INFORMATION

(or HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY INFORMATION)

SUBJECT TO PROTECTIVE ORDER

*Nota Music Publishing, Inc. v. Sirius Satellite Radio Inc.*, Case No. 07 CV 6307 (AKH)

INVENTORY OF CONTENTS:

THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS

DISPLAYED, COPIED OR REVEALED EXCEPT BY COURT ORDER

OR BY AGREEMENT OF THE PARTIES

Any Designated Information filed under seal shall not be filed electronically and shall not be made available to the public through the electronic docket or any other means.

[Handwritten: See my Individual R. 4A. AKH]

14. <u>Treatment of Designated Information</u>. All Designated Information under this Protective Order shall be kept only by those permitted access herein, and in such a manner as to protect against disclosure to those not permitted access to such Designated Information. Copies of Designated Information may only be made where reasonably necessary to prepare

10

work product or conduct proceedings in this litigation.

15. <u>Limitations on Protective Order</u>.  Any individual, such as a deposition witness, trial witness, or potential witness who is a third party or former employee of the Designating Party may be shown (but may not keep) Designated Information by an attorney bound by this Protective Order provided that the individual is identified on the face of the document as a signatory, author, addressee, recipient, or intended recipient of such Designated Information; or if specific documentary or testimonial evidence of that witness or others indicates that the document was communicated to or from the witness or the information contained within that document was otherwise known to the witness; or (i) the individual is a former employee of the Designating Party and (ii) the outside attorney has a reasonable, good faith belief that, although not identified on the face of the document, the individual generated, read, or reviewed the Designated Information while employed by the Designating Party. A party may use its own Designated Information to examine or cross-examine any trial or deposition witness. In no circumstances will the use of Designated Information during a deposition constitute a waiver of the designated status of the materials.

16. <u>Improper Designation</u>.  A party or non-party providing documents, materials, items, testimony, or information that inadvertently fails to properly designate, or who inadvertently mis-designates same, at the time of its production may re-designate such documents, materials, items, testimony, or information in order to correct its failure. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately designated. The party receiving the substitute copies shall make its best efforts to promptly return or destroy the previous unmarked or mis-marked documents, materials, items, testimony, or information and all copies thereof, subject to resolution of any

11

objection under Paragraph 19.

17. <u>Designation of Depositions</u>. Counsel attending a deposition who does not designate any portion of the transcript pursuant to this Protective Order on the record at the deposition shall have thirty (30) calendar days after receipt of the official deposition transcript from the court reporter to do so. Such designation shall be made in writing to the reporter, with copies to all other counsel, designating the portion(s) of the transcript that contain "Confidential Information" or "Highly Confidential - Attorneys Eyes Only Information," and directing the reporter to mark that portion of the transcript accordingly. Prior to and during the pendency of the thirty (30) calendar day period, all deposition transcripts shall be treated as if designated in their entirety as Highly Confidential- Attorneys Eyes Only Information.

18. <u>Objection to Designation</u>. If at any time during the pendency of this action, any party claims that information is not appropriately designated, the objecting party may serve a written notice of objection on all parties and other affected persons, by facsimile or e-mail, identifying with particularity the items as to which the designation is challenged, stating the basis for each challenge, and proposing a new designation for each item. Within ten (10) calendar days of receiving such notice, the Designating Party shall respond in writing served by facsimile or e-mail and either agree to the new designation proposed by the objecting party or explain why the designation should not be changed. If the Designating Party and the objecting party cannot resolve the dispute in informal meet and confer discussions, the Designating party may request an order from the Court confirming such designation. The Designating Party shall have the burden to justify the original designation.

19. <u>Improper Disclosure</u>. If Designated Information is disclosed to any person other

12

KL3 2615685.2

than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the Designating Party and, without prejudice to any other rights and remedies of the parties, make its best effort to prevent further disclosure by it or by the person who was the recipient of such information and to recover or retrieve any such information improperly disclosed.

20. **Inadvertent Production of Privileged Materials.** Counsel shall make their best efforts to identify materials protected by the attorney-client privilege or the work product doctrine prior to the disclosure of any such materials. The inadvertent production of any document or thing shall be without prejudice to any claim that such material is protected by the attorney-client privilege or protected from discovery as work product, and no producing party shall be held to have waived any privilege by virtue of inadvertent production. If a producing party discovers that materials protected by the attorney-client privilege or work product doctrine have been inadvertently produced, counsel for the producing party shall promptly give notice to counsel for the receiving party. The receiving party shall take prompt steps to ensure that all known copies of such material are returned to the producing party. The receiving party may afterward contest such claims of privilege or work product as if the materials had not been produced, but shall not assert that a waiver occurred as a result of the production.

21. **Inadmissibility of Designation Status.** Unless the parties stipulate otherwise, the designation or acceptance of any information designated pursuant to this Protective Order does not constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential, or a trade secret.

22. **Disposal of Designated Information.** Upon termination of this action, settlement,

13

or final judgment, including exhaustion of all appeals, the originals and all copies of Designated Information shall be either destroyed or turned over to the party or non-party who produced such Designated Information, or to their respective counsel, within sixty (60) calendar days. However, outside counsel for the parties may retain a complete copy of all pleadings, transcripts, exhibits and correspondence for archival purposes. If Designated Information is destroyed pursuant to this paragraph, counsel shall provide to opposing counsel a certificate of destruction identifying when the destruction was performed within the same sixty (60) day period.

23. <u>Disclosure to Management and In-House Counsel</u>. The Parties understand and agree that it may be necessary to disclose certain information designated "Highly Confidential – Attorneys Eyes Only Information" to senior management and in-house counsel from time to time, for purposes of assessing the case and its merits, considering settlement, and the like. The Parties hereby agree to cooperate in good faith in considering all such reasonable requests to permit such limited disclosures on an item by item basis. All such disclosures shall be subject to the terms of this Protective Order; and the persons receiving such disclosures shall be subject to the terms of Paragraphs 8 and/or 9 as appropriate, including the requirement to sign an Acknowledgement.

24. <u>Termination</u>. The terms of this Protective Order shall survive termination of this action.

25. <u>Modification</u>. This Protective Order is being entered without prejudice to the right of any party or other person to move the Court for modification of relief from any of its terms.

Dated: ~~September~~ October 2, 2007

        KRAMER LEVIN NAFTALIS & FRANKEL LLP

        By: _____

        Michael S. Oberman (MO 9838)
        1177 Avenue of the Americas
        New York, New York 10036
        (212) 715-9100

Attorneys for Sirius Satellite Radio Inc.

        LOVELL STEWART HALEBIAN LLP

        By: _____

        Christopher Lovell (CL 2595)
        Christopher M. McGrath (CM 4983)
        500 Fifth Avenue, 58th Floor
        New York, New York 10110
        Telephone: (212) 608-1900
        Facsimile:  (212) 719-4677

Law Offices of Jeffrey L. Graubart

        By: _____

        Jeffrey L. Graubart (JG 1338)
        350 West Colorado Boulevard, Suite 200
        Pasadena, California 91105-1855
        Telephone: (626) 304-2800
        Facsimile: (626) 304-2807

KL3 2615653.2

*[signature]*

Steven J. D'Onofrio, Esq. (SD 8794)
535 Wisconsin Avenue, N.W. Suite 950
Washington, D.C. 20015
Telephone: (202) 686-2872
Facsimile: (202) 68602875

Counsel for Plaintiffs and the Proposed Class

SO ORDERED *as modified* 10/3/07

*[signature]*
U.S.D.J.

KL3 2615685.2

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
NOTA MUSIC PUBLISHING, INC., et al.,  :
                                      :
                                      : 07 CV 6307 (AKH)
            Plaintiffs,               : **ECF CASE**
                                      :
                                      :
       -against-                      :
                                      :
                                      :
SIRIUS SATELLITE RADIO INC.,          :
                                      :
            Defendant.                :
------------------------------------X

## ACKNOWLEDGMENT PURSUANT TO STIPULATED PROTECTIVE ORDER

I, _____, having been retained by _____ in connection with the above-captioned lawsuit, hereby acknowledge that I am about to receive confidential and/or highly confidential information as defined in the STIPULATED PROTECTIVE ORDER.

I have been furnished with a copy of the STIPULATED PROTECTIVE ORDER entered in this action which I have read and understood (copy attached); and I agree to be bound by the terms of said STIPULATED PROTECTIVE ORDER. I clearly understand that the confidential and/or highly confidential material and my copies or notes relating thereto may only be disclosed or discussed with those persons permitted under the STIPULATED PROTECTIVE ORDER to receive such material.

I will return on request all materials containing confidential and/or highly confidential information, copies thereof and notes that I have prepared relating thereto, to outside trial counsel for the party by whom or on whose behalf I am retained.

KL3 2615685.2

I hereby subject myself to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcing that Order and this Acknowledgment.

I make the above statements under penalty of perjury.

Dated:_____

                                    Signature: _____

KL3 2615685.2

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
NOTA MUSIC PUBLISHING, INC., et al.,   :
                                        :
                                        :  07 CV 6307 (AKH)
            Plaintiffs,                 :  **ECF CASE**
                                        :
                                        :
        -against-                       :
                                        :
                                        :
SIRIUS SATELLITE RADIO INC.,            :
                                        :
            Defendant.                  :
------------------------------------X

### AGREEMENT TO PROTECT CONFIDENTIAL INFORMATION

1. I have been requested by Counsel for _____ to assist counsel with certain material which I have been informed is Confidential within the meaning of the STIPULATED PROTECTIVE ORDER issued by the Court in the above-caption action.

2. I have read the STIPULATED PROTECTIVE ORDER and I agree not to disclose any information designated as confidential to anyone (including my family members) and not to use such information other than in assisting counsel for _____.

3. I understand that my failure to abide by this agreement may result in legal action being taken against me.

Signed: _____

Name: _____

Date: _____

KL3 2615685.2