UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

NOTA MUSIC PUBLISHING, INC., also d/b/a
NOTA PUBLISHING, INC.;
CARTAGENA ENTERPRISES, INC., also d/b/a
CARTAGENA PUBLISHING;
DAVID GRISMAN and CRAIG MILLER,
individually and collectively, and d/b/a
DAWG MUSIC, and also d/b/a ACOUSTIC DISC;
HMS DISTRIBUTORS, INC., also d/b/a
J & N RECORDS and d/b/a J & N PUBLISHING;
JVN MUSIC, INC., also d/b/a JVN RECORDS;
THE MUSIC FORCE LLC, also d/b/a
FULL FORCE MUSIC;
MUSICAL PRODUCTIONS, INC.;
ON TOP RECORDS CORP., also d/b/a
STILL ON TOP PUBLISHING and d/b/a
REAL SMOOTH PUBLISHING;
PLATANO RECORDS CORP.;
RICO RECORDS DISTRIBUTING, INC.;
individually and on behalf of all others similarly
situated,

          Plaintiffs,

  -against-

SIRIUS SATELLITE RADIO INC.,

          Defendant.

No. 07 CV 6307 (AKH)

------------------------------------x

**JOINT REPORT UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(f)**

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on October 8, 2007 ("October 8 conference") and was attended by counsel for plaintiffs Nota Music Publishing, Inc., also doing business as Nota Publishing, Inc.; Cartagena Enterprises, Inc., also doing business as Cartagena Publishing; David Grisman and Craig Miller, individually and collectively, and doing

business as Dawg Music, and also doing business as Acoustic Disc; HMS Distributors, Inc., also doing business as J & N Records and doing business as J & N Publishing; JVN Music, Inc., also doing business as JVN Records; The Music Force LLC, also doing business as Full Force Music; Musical Productions, Inc.; On Top Records Corp., also doing business as Still On Top Publishing and doing business as Real Smooth Publishing; Platano Records Corp. and RICO Records Distributing, Inc. (hereinafter collectively referred to as "Plaintiffs"); and counsel for defendant Sirius Satellite Radio Inc. ("Defendant").

Plaintiffs and Defendant hereby submit their joint report as follows:

**I.  Settlement**

The parties have engaged in settlement discussions. These discussions were productive and are continuing in good faith.

**II.  Discovery**

A.  <u>Initial Disclosures</u>.  The parties have agreed to exchange the information required by Federal Rule of Civil Procedure 26(a)(1) on October 29, 2007.

B.  <u>Protective Order</u>.  The Court entered a modified version of the parties' stipulated protective order on October 3, 2007.

C.  <u>Electronically Stored Information</u>.  The parties have agreed to discuss their obligations with respect to discovery involving Electronically Stored Information ("ESI") consistent with the requirements of the Federal Rules of Civil Procedure. The initial phase of these discussions began at the October 8 Conference. Plaintiffs have agreed to provide Defendant with an ESI proposal.

D.  <u>Document Preservation</u>:  At the October 8 conference, Defendant's counsel represented that Defendant has taken appropriate steps to preserve its documents. Plaintiffs have done the same.

2

### III. Scheduling

A. <u>Pre-Trial Deadlines</u>: The parties propose the following schedule, which takes into account that the parties commenced settlement discussions shortly after the complaint was filed and they continue in meaningful settlement discussions. The parties have agreed to limited document production to be completed as soon as possible to facilitate the settlement discussions. The schedule is intended to give the parties time to pursue their negotiations without incurring substantial litigation costs. In addition, the proposed schedule also takes into account the schedule recently entered by Judge Kaplan in three consolidated actions against XM Satellite Radio Inc.[1] taking into account the difference in conference dates and the fact that the parties are engaged in meaningful settlement discussions:

1. Last day to add or seek leave to add parties—April 28, 2008
2. Completion of document discovery—May 27, 2008
3. Completion of non-expert discovery—August 11, 2008
4. Last day to amend or seek leave to amend pleadings—August 25, 2008
5. Exchange of expert reports—September 26, 2008
6. Exchange of rebuttal expert reports—October 24, 2008
7. Completion of expert depositions—November 24, 2008
8. Filing of dispositive motions and joint pretrial order—December 17, 2008
9. Filing of papers opposing dispositive motions—January 14, 2009
10. Filing of reply papers in support of dispositive motions—January 30, 2009

B. <u>Trial Estimate</u>: The parties estimate that the jury trial will take 10-12 court days.

### IV. Expert Witnesses

---

[1] *Atlantic Recording Corp. et al. v. XM Satellite Radio Inc.* 06 CV 3733 (LAK); *Famous Music LLC, et al. v. XM Satellite Radio Inc.* 07 CV 2385 (LAK); *Nota Music Publishing, Inc. et al. v. XM Satellite Radio Inc.* 07CV 4682 (LAK)

The parties each plan to designate expert witnesses who will testify at trial regarding liability and damages. The parties' proposed schedule for expert disclosures is set forth above in Section III.A.

Dated: New York, New York
October 12, 2007

Respectfully submitted,

**LOVELL STEWART HALEBIAN LLP**

*/s/ Christopher Lovell*

Christopher Lovell (CL-2595)
Christopher M. McGrath (CM-4983)
500 Fifth Avenue, 58th Floor
New York, New York 10110
Telephone: (212) 608-1900
Facsimile: (212) 719-4677

Jeffrey L. Graubart (JG-1338)
**LAW OFFICES OF JEFFREY L. GRAUBART**
350 West Colorado Boulevard, Suite 200
Pasadena, California 91105-1855
Telephone: (626) 304-2800
Facsimile: (626) 304-2807

Steven J. D'Onofrio, Esq. (SD-8794)
5335 Wisconsin Avenue, N.W. Suite 950
Washington, D.C. 20015
Telephone: (202) 686-2872
Facsimile: (202) 686-2875

*Counsel for Plaintiffs and the Proposed Class*

Dated: New York, New York
October 11, 2007

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

*/s/*

Michael S. Oberman (MO-9838)
1177 Avenue of the Americas
New York, NY 10036

4

Telephone: (212) 715-9294
Facsimile: (212)-715-8000

*Counsel for Sirius Satellite Radio Inc.*