1UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
NOTA MUSIC PUBLISHING, INC., et al.,  :
                                      :
                                      :  07 CV 6307 (AKH)
             Plaintiffs,              :  **ECF CASE**
                                      :
                                      :
       -against-                      :  **ANSWER**
                                      :
                                      :
SIRIUS SATELLITE RADIO INC.,          :
                                      :
             Defendant.               :
------------------------------------X

Defendant Sirius Satellite Radio Inc. ("Sirius"), by its attorneys Kramer Levin Naftalis & Frankel LLP, for its answer to the First Amended Class Action Complaint (the "complaint"), states as follows:.

1.  Denies the allegations of paragraph 1.

2.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3.  Denies the allegations of paragraph 3, except admits that Sirius is one of two satellite radio broadcasting companies in the United States; that it broadcasts over 130 channels of music, sports, talk and other entertainment programming to consumers throughout the continental United States (the "Sirius Service"); that it currently has over 8 million subscribers; and that the basic monthly subscription fee for the Sirius Service is $12.95.

4.  Denies the allegations of paragraph 4.

5.  Paragraph 5 states legal conclusions to which no response is required but, to the extent a response is required, Sirius refers to the Copyright Act for its terms and effect.

6.   Paragraph 6 states legal conclusions to which no response is required but, to the extent a response is required, Sirius refers to the Copyright Act for its terms and effect.

7.   Denies the allegations of Paragraph 7 and refers to its responses to Paragraphs 44-47.

8.   Denies the allegations of Paragraph 8.

9.   Denies the allegations of Paragraph 9 and refers to the cited memorandum of law and opinion for a compete and accurate statement of their contents.

10.   Denies the allegations of paragraph 10 and refers to the cited articles for a complete and accurate statement of their contents.

11.   Denies the allegations of Paragraph 11.

12.   Denies the allegations of Paragraph 12, except admits that on February 19, 2007, Sirius entered into a merger agreement with XM Satellite Radio Holdings, Inc.

13.   Denies the allegations of Paragraph 13.

14.   Denies the allegations of Paragraph 14.

15.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15.

16.   Denies knowledge or information sufficient to form a belief a belief as to the truth of the allegations of Paragraph 16.

17.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17.

18.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25.

26. Denies the allegations of Paragraph 26.

27. Admits the allegations of Paragraph 27.

28. Paragraph 28 states legal conclusions as to which no response is required.

29. Paragraph 29 states legal conclusions as to which no response is required.

30. Paragraph 30 states legal conclusions as to which no response is required.

31. Paragraph 31 states legal conclusions as to which no response is required.

32. Paragraph 32 states plaintiffs' characterization of the putative class as to which no response is required but, to the extent a response is required, denies the allegations of the paragraph.

33. Denies the allegations of Paragraph 33.

34. Denies the allegations of Paragraph 34.

35. Denies the allegations of Paragraph 35.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36.

37. Denies the allegations of Paragraph 37.

38. Denies the allegations of Paragraph 38.

39. Denies the allegation of Paragraph 39.

40. Admits the allegations of Paragraph 40.

41. Denies the allegations of Paragraph 41, except admits that Sirius derives its primary source of revenue from monthly subscription fees, that it had approximately 30,000 subscribers at the end of 2002, and that it had over 6,000,000 subscribers by the end of 2006.

42. Denies the allegations of Paragraph 42, except admits that the S50, SL100 SL10 and SL2 (collectively, the "Portable Receivers") allow subscribers to receive the Sirius Service and refers to its responses to Paragraphs 44-47.

43. Denies the allegations of Paragraph 43 and refers to its responses to Paragraphs 44-47.

44. Denies the allegations of Paragraph 44, except admits that the S50 is a portable receiver released in or around November 2005 that can be used (with appropriate accessories) in a car or in a home; that the S50 can store up to a total of 50 hours of Sirius content, including individual songs, scheduled recordings, and shadow recordings of the three channels the subscriber listens to most; that individual recorded songs can be viewed and organized by artist, title and genre; that the S50 allows a subscriber to import his or her personal

WMA/MP3 files onto a portion of the S50's memory; and that a subscriber can create playlists containing both WMA/MP3 files and individual songs recorded live from the Sirius Service.

45. Denies the allegations of Paragraph 45, except admits that the SL100 was released in or around October 2006; that the SL100 is a portable unit that receives the Sirius Service; that the SL100 allows subscribers to record up to 100 hours of Sirius content, including up to 10 hours of individual songs (or approximately 100 songs), scheduled recordings and shadow recordings of the three channels the subscriber listens to the most; that individual recorded songs can be viewed and organized by artist, title, genre; that the SL100 allows subscribers to import WMA/MP3 files onto a portion of the SL 100's memory; and that a subscriber can create playlists containing both WMA/MP3 files and individual songs recorded live from the Sirius Service.

46. Denies the allegations of Paragraph 46, except admits that the SL10 was released in December 2006; that the SL10 is a portable receiver; and that the SL10 allows subscribers to record up to 10 hours of Sirius content, including scheduled recordings and shadow recordings of the three channels the subscriber listens to the most.

47. Denies the allegations of paragraph 47, except admits that the SL2 was released in or around October 2007; and that the SL2 recording and storage functions are substantially similar to those of the SL100 but that the SL2 features the ability to put a Micro-SD chip in the device (a storage device in which the subscriber may keep personal MP3s) to listen to MP3 files.

48. Denies the allegations of paragraph 48, except admits that the Sirius Service can only be received by a Sirius receiver or through a personal computer by a Sirius

subscriber; that Sirius receivers can only be activated by Sirius; and that Sirius can deactivate the Portable Receivers.

49. Denies the allegations of Paragraph 49, except admits that Sirius has the technical ability to mark its transmissions such that they cannot be recorded on the Portable Receivers and that Sirius' software is currently configured such that recordings on certain of the S50s and recordings on SL100s, SL10s and SL2s remain accessible to a subscriber only so long as he or she remains a subscriber.

50. Denies the allegations of Paragraph 50 and refers to the user guide for a complete and accurate statement of its contents.

51. Denies the allegations of Paragraph 51, except admits that Sirius lawfully maintains certain copies of sound recordings on its servers to facilitate the transmission of the Sirius Service.

52. Denies the allegation of Paragraph 52.

53. Denies the allegations of Paragraph 53 and refers to the cited 10-K a complete and accurate statement of its contents.

54. Denies the allegations of Paragraph 54 and refers to the cited website for a complete and accurate statement of its contents.

55. Denies the allegations of Paragraph 55.

56. Denies the allegations of Paragraph 56.

57. Denies the allegations of paragraph 57, except admits that the SL10 has Song/Artists seek function.

58. Denies the allegations of Paragraph 58, except admits the Portable Receivers have certain scheduled recording functionalities.

59. Denies the allegations of Paragraph 59, except admits that the Portable Receivers (other than the SL10) allow subscribers to record, with limitations, individual songs broadcast live on the Sirius Service and to import, with certain limits, WMA/MP3 files.

60. Denies the allegations of Paragraph 60.

61. Denies the allegations of Paragraph 61.

### WITH RESPECT TO COUNT I

62. Repeats its responses to all of the allegations of the complaint as if fully restated herein.

63. Denies the allegations of Paragraph 63.

64. Denies the allegations of Paragraph 64.

65. Denies the allegations of Paragraph 65.

66. Denies the allegations of Paragraph 66.

67. Denies the allegations of Paragraph 67.

68. Denies the allegations of Paragraph 68.

69. Denies the allegations of Paragraph 69.

### WITH RESPECT TO COUNT II

70. Repeats its responses to all of the allegations of the complaint.

71. Denies the allegations of Paragraph 71.

72. Denies the allegations of Paragraph 72.

73. Denies the allegations of Paragraph 73.

74. Denies the allegations of Paragraph 74.

75. Denies the allegations of Paragraph 75.

76. Denies the allegations of Paragraph 76.

KL3 2605189.1

### WITH RESPECT TO COUNT III

77. Repeats its responses to all of the allegations of the complaint as if fully restated herein.

78. Denies the allegations of Paragraph 78.

79. Denies the allegations of Paragraph 79.

80. Denies the allegations of Paragraph 80.

81. Denies the allegations of Paragraph 81.

82. Denies the allegations of Paragraph 82.

83. Denies the allegations of Paragraph 83.

### WITH RESPECT TO COUNT IV

84. Repeats its responses to all of the allegations of the complaint as if fully restated herein.

85. Denies the allegations of Paragraph 85.

86. Denies the allegations of Paragraph 86.

87. Denies the allegations of Paragraph 87.

88. Denies the allegations of Paragraph 88.

89. Denies the allegations of Paragraph 89.

90. Denies the allegations of Paragraph 90.

91. Denies the allegations of Paragraph 91.

### WITH RESPECT TO COUNT V

92. Repeats its responses to all of the allegations of the complaint as if fully restated herein.

93. Denies the allegations of Paragraph 93.

KL3 2605189.1

94. Denies the allegations of Paragraph 94.

95. Denies the allegations of Paragraph 95.

96. Denies the allegations of Paragraph 96.

97. Denies the allegations of Paragraph 97.

98. Denies the allegations of Paragraph 98.

99. Denies the allegations of Paragraph 99.

100. Denies the allegations of Paragraph 100.

101. Denies the allegations of Paragraph 101.

102. Denies the allegations of Paragraph 102.

103. Denies the allegations of Paragraph 103.

## WITH RESPECT TO COUNT VI

104. Repeats its responses to all of the allegations of the complaint as if fully restated herein.

105. Denies the allegations of Paragraph 105.

106. Denies the allegations of Paragraph 106.

107. Denies the allegations of Paragraph 107.

108. Denies the allegations of Paragraph 108.

109. Denies the allegations of Paragraph 109.

110. Denies the allegations of Paragraph 110.

111. Denies the allegations of Paragraph 111.

112. Denies the allegations of Paragraph 112.

113. Denies the allegations of Paragraph 113.

114. Denies the allegations of Paragraph 114.

KL3 2605189.1

115.   Denies the allegations of Paragraph 115.

## WITH RESPECT TO COUNT VII

116.   Repeats its responses to all of the allegations of the complaint as if fully restated herein.

117.   Denies the allegations of Paragraph 117.

118.   Denies the allegations of Paragraph 118 and refers to the Sirius user agreement for a complete and accurate statement of its contents.

119.   Denies the allegations of Paragraph 119.

120.   Denies the allegations of Paragraph 120.

121.   Denies the allegations of Paragraph 121.

122.   Denies the allegations of Paragraph 122.

123.   Denies the allegations of Paragraph 123.

124.   Denies the allegations of Paragraph 124.

125.   Denies the allegations of Paragraph 125.

126.   Denies the allegations of Paragraph 126.

127.   Denies the allegations of Paragraph 127.

## WITH RESPECT TO COUNT VIII

128.   Repeats its responses to all the allegations of the complaint as if fully restated herein.

129.   Paragraph 129 states legal conclusions as to which no response is required.

130.   Denies the allegations of Paragraph 130.

131.   Denies the allegations of Paragraph 131.

132.   Denies the allegations of Paragraph 132.

KL3 2605189.1

## WITH RESPECT TO COUNT IX

133. Repeats its responses to all of the allegations of the complaint as if fully restated herein.

134. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 134.

135. Denies the allegations of Paragraph 135

## WITH RESPECT TO COUNT X

136. Repeats its response to all of the allegations of the complaint as if fully restated herein.

137. Denies the allegations of Paragraph 137.

138. Denies the allegations of Paragraph 138.

139. Denies the allegations of Paragraph 139.

140. Denies the allegations of Paragraph 140.

141. Denies the allegations of Paragraph 141.

142. Denies the allegations of Paragraph 142.

## WITH RESPECT TO COUNT XI

143. Repeats its responses to all of the allegations of the complaint as if fully restated herein.

144. Denies knowledge of information sufficient to form a belief as to the truth of the allegations of Paragraph 144.

145. Denies knowledge of information sufficient to form a belief as to the truth of the allegations of Paragraph 145.

KL3 2605189.1

146. Denies knowledge of information sufficient to form a belief as to the truth of the allegations of Paragraph 146.

147. Denies the allegations of Paragraph 147.

148. Denies the allegations of Paragraph 148.

149. Denies the allegations of Paragraph 149.

150. Denies the allegations of Paragraph 150.

151. Denies the allegations of Paragraph 151.

152. Denies the allegations of Paragraph 152.

153. Denies the allegations of Paragraph 153.

### WITH RESPECT TO DEMAND FOR JURY

154. Paragraph 135 is a demand for a jury as to which no response is required.

### AFFIRMATIVE DEFENSES

155. Without in any way admitting any of the allegations of the complaint and without admitting or suggesting that Sirius bears the burden of proof on any of the following issues, as separate and independent affirmative defenses, Sirius alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

156. The complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

157. Plaintiffs lack standing to assert the claims in the complaint.

### THIRD AFFIRMATIVE DEFENSE

158. Plaintiffs' claims are barred by the Audio Home Recording Act, 17 U.S.C. §1001 et seq.

## FOURTH AFFIRMATIVE DEFENSE

159. The conduct alleged in the complaint constitutes fair use.

## FIFTH AFFIRMATIVE DEFENSE

160. Plaintiffs' claims are barred by the doctrines of estoppel, waiver, and acquiescence.

## SIXTH AFFIRMATIVE DEFENSE

161. Plaintiffs' claims are barred by the doctrine of latches.

## SEVENTH AFFIRMATIVE DEFENSE

162. Plaintiffs' claims are barred because Sirius' conduct is authorized pursuant to an express and/or implied license.

## EIGHTH AFFIRMATIVE DEFENSE

163. The statutory damages sought by plaintiffs' are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained.

## NINTH AFFIRMATIVE DEFENSE

164. Plaintiffs' claims based on secondary liability are barred because the conduct of the users of the Portable Receivers is a fair use.

## TENTH AFFIRMATIVE DEFENSE

165. Plaintiffs' claims based on secondary liability are barred because the Portable Receivers are capable of substantial non-infringing uses.

## ELEVENTH AFFIRMATIVE DEFENSE

166. Plaintiffs' common law claims are pre-empted by the Copyright Act.

**WHEREFORE,** Sirius respectfully requests a judgment dismissing the complaint with prejudice and awarding attorneys' fees and full costs in favor of Sirius, pursuant to 17 U.S.C. § 505, together with such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
February 11, 2008

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: _____/s/ Michael S. Oberman_____

Michael S. Oberman (MO 9838)
Peter A. Abruzzese (PA-0931)
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

Attorneys for Sirius Satellite Radio Inc.