UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

NOTA MUSIC PUBLISHING, INC., *et al.*

                    Plaintiffs,

        *-against-*

SIRIUS SATELLITE RADIO INC.,

                  Defendant.

---------------------------------------------------------------------x

07 CV 6307 (AKH)

[*DC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/9/12*]

## ~~[PROPOSED]~~ FINAL ORDER AND JUDGMENT

This matter came for a duly-noticed hearing on January 9, 2012 (the "Final Approval Hearing"), upon the Plaintiffs' Motion for Final Approval of Settlement with Defendant Sirius XM Radio Inc. (formerly named Sirius Satellite Radio Inc.) ("Sirius") (the "Motion"). Upon due and adequate notice of the Settlement Agreement having been given to the members of the Settlement Classes, the Final Approval Hearing having been held and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, and it having therefore been expressly directed that final judgment accordingly be made,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**:

       1.     This Final Order and Judgment hereby incorporates by reference the definitions in the Settlement Agreement dated April 29, 2011 (the "Settlement Agreement") [Docket No. 43, Exhibit 1], and all terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2.    This Court has jurisdiction over the subject matter of the Action and over all
parties to the Action, including the members of the Settlement Classes certified by Order of the
Court dated August 26, 2011 [Docket No. 48].

3.    Consistent with the Court's findings in its August 26, 2011 Order, the following
classes satisfy the requirements of Rule 23(a) and Rule 23(b)(3) and are hereby certified for
settlement purposes:

      (a)    Sound Recording Settlement Class

      All persons or entities who own or control (in whole or in part)
exclusive rights in at least one sound recording protected under federal
copyright law and/or state common law and/or unfair competition law
that was transmitted by the Sirius Service at least once during the time
period from November 1, 2005 to August 26, 2011.[1]

      (b)    Musical Composition Settlement Class

      All persons or entities who own or control (in whole or in part)
exclusive rights in at least one musical composition protected under
federal copyright law of which a sound recording embodying such
musical composition was transmitted by the Sirius Service at least once
during the time period from November 1, 2005 to August 26, 2011.[2]

---

[1] The following persons and entities are specifically excluded from the Sound Recording
Settlement Class: (a) Sirius, the subsidiaries and affiliates of Sirius, any person or entity who is
a partner, officer, director, employee, or controlling person of Sirius, or any entity in which
Sirius has a controlling interest; (b) the following music labels (collectively, the "Music
Labels"): Atlantic Recording Corporation; BMG Music; Capitol Records, Inc.; Elektra
Entertainment Group Inc.; EMI Music North America; Interscope Records; Motown Record
Company, L.P.; Sony BMG Music Entertainment; UMG Recordings, Inc; Virgin Records
America, Inc; and Warner Bros. Records, Inc.; and (c) any subsidiaries, affiliates, legal
representatives, heirs, predecessors, successors and assigns of any of the above excluded parties.
[2] The following persons and entities are specifically excluded from the Musical
Composition Settlement Class: (a) Sirius, the subsidiaries and affiliates of Sirius, any person or
entity who is a partner, officer, director, employee, or controlling person of Sirius, or any entity
in which Sirius has a controlling interest; (b) the HFA Settlement Participants, including without
limitation, Famous Music LLC; Beechwood Music Corp.; Colgems-EMI Music Inc.; EMI April
Music Inc.; EMI Blackwood Music Inc; EMI Gold Horizon Music Corp.; EMI Golden Torch
Music Corp.; EMI Intertrax Music Inc.; EMI Sosaha Music Inc; EMI Jemaxal Music Inc.; EMI
U Catalog Inc.; EMI Unart Catalog Inc.; EMI Virgin Music, Inc.; EMI Virgin Songs, Inc.; Jobete
Music Co. Inc.; Screen Gems-EMI Music Inc.; WB Music Corp.; Warner-Tamerlane Publishing

4.     The Court finds that due process and adequate notice has been provided pursuant to Rule 23 of the Federal Rules of Civil Procedure to all members of the Settlement Classes, notifying the Settlement Classes of, among other things, the pendency of this Action and the proposed Settlement with Sirius. The notice provided was the best notice practicable under the circumstances and included individual notice to those members of the Settlement Classes who the Parties were able to identify through reasonable efforts. Notice was also given by publication in *Billboard, Variety, Daily Variety, and Music Week*, all as set forth in the Declaration of Jennifer M. Keough dated December 12, 2011 and previously submitted. Such notice fully complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

5.     Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all members of the Settlement Classes, advising them of the pendency of this action, the Settlement, the Plan of Allocation, and Class Counsels' right to apply for attorneys' fees and reimbursement of expenses associated with the Action, and of their right to object thereto, and a full and fair opportunity was accorded to all members of the Settlement Classes to be heard with respect to the foregoing matters. Thus, it is hereby determined that all members of the Settlement Classes who did not timely and validly elect to exclude themselves by written communication postmarked on or before November 25, 2011 are bound by this Final Order and Judgment.

---

Corp.; Unichappell Music, Inc.; Sony/ATV Tunes LLC; Sony/ATV Tree Publishing; Sony/ATV Gross Keys Publishing; Sony/ATV Discos Music Publishing LLC; Sony/ATV Milene Music; and Sony/ATV Acuff Rose Music; and (c) any subsidiaries, affiliates legal representatives, heirs, predecessors, successors and assigns of any of the above excluded parties.

6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement, as set forth in the Settlement Agreement, and finds that the settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Classes, including Plaintiffs. This Court further finds that the settlement set forth in the Settlement Agreement is the result of arms' length negotiations between experienced counsel representing the interests of Plaintiffs, the Settlement Classes, and Sirius. Accordingly, the settlement embodied in the Settlement Agreement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Settlement Agreement. In this regard, the Court also finds that Plaintiffs' [Proposed] Plan of Allocation is fair, reasonable and adequate to the Settlement Classes.

7.      The Court finds that the members of the Settlement Classes identified on the schedule attached hereto as Exhibit A and no others, have timely and validly requested to be excluded from the Settlement Classes and accordingly are not included in or bound by this Final Order and Judgment.

8.      Except as to any individual claim of those persons identified in Exhibit A attached hereto, the Action is dismissed on the merits with prejudice, and without costs to the Parties as against any other. This Final Order and Judgment is being entered in order to allow the Parties to enforce it and the Parties should not be allowed to reopen issues resolved by this judgment.

9.      The Settlement Fund has been established as a trust under New York law, which has been established as a Settlement Fiduciary Account. The Court further approves the establishment of the Settlement Fiduciary Account under the Settlement Agreement as a qualified settlement fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

4

10.     The Court reserves exclusive jurisdiction, without affecting in any way the finality of this Final Order and Judgment, over the implementation and enforcement of the Settlement Agreement and the settlement contemplated thereby (including any issue that may arise in connection with the formation and/or administration of the qualified settlement fund described in paragraph 8 above) and the enforcement of this Final Order and Judgment. The Court also retains exclusive jurisdiction in order to resolve any disputes that may arise with respect to the Settlement Agreement, the settlement, or the Settlement Fund, consider or approve administration costs and fees, and consider or approve the amounts of distributions to members of the Settlement Classes.

11.     Plaintiffs and all members of the Settlement Classes, the successors and assigns of any of them, and anyone claiming through or on behalf of any of them, whether or not they execute and deliver a proof of claim, are hereby permanently enjoined from commencing, instituting, causing to be instituted, assisting in, instituting or permitting to be instituted on his, her or its behalf, whether directly, derivatively, representatively or in any other capacity, any proceeding in any state or federal court, in or before any administrative agency, or any other proceeding or otherwise alleging or asserting against the Released Persons, individually or collectively, any of the claims released or barred in this Final Order and in the Settlement Agreement including, without limitation, paragraph 49 thereof.

12.     Consistent with the Settlement Agreement, the Released Persons are hereby released and forever discharged, individually and collectively, from liability for any and all claims, demands, actions, suits, obligations, promises, liabilities or costs of any kind, including but not limited to any tort claims, contract claims, statutory claims, controversies, actions, causes of action, declaratory judgment actions, cross-claims, counterclaims, demands, debts, claims for

damages, liquidated damages, trebled, punitive or exemplary damages, fines or penalties, equitable relief, expenses and/or attorneys' fees, or liabilities of any nature whatsoever in both law or in equity, whether class, individual, or otherwise in nature, that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have, against the Released Persons, whether known or unknown, suspected or claimed, on account, or arising out of, relating to or based on conduct alleged or asserted in the Action including without limitation the Released Claims.

13.     The Released Persons, individually and collectively, are hereby discharged from all claims for contribution by any person or entity, whether arising under state, federal or common law, based upon, arising out of, relating to, or in connection with the Released Claims of the Settlement Classes or any Settlement Class member. Accordingly, the Court hereby bars all claims for contribution against the Released Persons, individually and collectively, by any person or entity.

14.     The Settlement is not a concession or admission, and shall not be used against the Released Persons, individually or collectively, as an admission or indication with respect to any claim of any fault or omission by the Released Persons, individually or collectively. Neither the Settlement Agreement, nor any document, statement, proceeding or conduct related to the Settlement, nor any reports or accounts thereof, shall in any event be:

       a.     Construed as, offered or admitted in evidence as, received as or deemed to be evidence for any purpose adverse to the Released Persons, individually or collectively, including but not limited to, evidence of a presumption, concession, indication or admission by the Released Persons, individually and collectively, of any liability, fault, wrongdoing, omission, concession or damage; or

6

b.      Disclosed, referred to, or offered or received in evidence against the Released Persons, individually or collectively, in any further proceeding in the Action, or in any other civil, criminal or administrative action or proceeding, except for purposes of settling the Action pursuant to the Settlement Agreement.

15.     As of the date this Final Order and Judgment is signed, all dates and deadlines associated with the Action shall be stayed, other than those related to the administration of the settlement of the Action.

16.     The Court finds that during the course of the Action, Releasors and the Released Persons and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.          $600,000.00          *AH*

17.     The Court has reviewed Class Counsel's petition for an award of attorneys' fees, reimbursement of expenses and incentive awards filed on February 22, 2011.  The Court determines that (a) an attorneys' fee award of ____% of the Settlement Funds; (b) reimbursement of $27,751.47 for expenses reasonably incurred; and (c) an aggregate incentive award of *AHH* $30,000 to be shared among the class representative Plaintiffs are all fair to the Settlement *ALH* Classes, reasonable, and adequate.

18.     Any data or other information provided by Class Members in connection with the submission of claims will be held in strict confidence, available only to the Administrator, Class Counsel, experts or consultants acting on behalf of the Class, and if necessary in the determination of Class Counsel, outside counsel for Sirius, and Sirius' outside experts.  If necessary to resolve a dispute about the claim, such data or information may also be disclosed to Court personnel.  In no event will a Class Member's data or information be made publicly

7

available, including to Sirius personnel, except as provided for herein or upon Court Order for good cause shown.

     19.     Without further order of the Court, Plaintiffs, Class Counsel and Sirius may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: _January ___9___, 2012

Alvin K. Hellerstein
United States District Court Judge

8

## EXHIBIT A

### Members of the Settlement Classes Who Have Requested Exclusion From The Settlement

1. Channel Productions
2. Frank DeCrescenzo
3. Jim French Productions
4. Music of Green Hills
5. Green Hills Music
6. Next Plateau Entertainment
7. Ruby Almond Music LLC
8. Songs of Green Hills
9. Regan Music Publishing
10. Pier Two Music
11. Pier Three Music
12. Twin Reverb Music
13. Travelers Ridge Music
14. Songs of Oak Hill
15. Ludwig Doblinger
16. Robert X. Bertoldi